UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICKY W. FLETCHER,

    Plaintiff,

vs.                                                Case No.  3:12-cv-727-J-MCR

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

# **O R D E R**

This case is before the Court on Plaintiff's Application for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 20) filed October 17, 2012.  The Application indicates Defendant has no objection to the fee requested.  Accordingly, the matter is now ripe for judicial review.

This Application follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Doc. 19).

**A.  Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2

million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. Prevailing Party

The Judgment in this case (Doc. 19), which was entered on September 17, 2012, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then has thirty days in which to file his or her application, so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on September 17, 2012 and the Application was filed on October 17, 2012, thirty days

later.[1]  Accordingly, the Application was timely filed.

### 3. Claimant's Net Worth

Plaintiff was found to be indigent and permitted to proceed in forma pauperis. (Doc. 5).  Accordingly, the Court finds Plaintiff's net worth was less than $2 million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.  See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not object to the Application and therefore, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court will now turn to the reasonableness of the amount of fees sought.  Plaintiff requests an award of $2,812.01 in attorney's fees, representing a total of 7.05 hours

---

[1] The Court notes the Application was filed before the Application became final. However, as the Commissioner has no objection to the Application, the Court will proceed to rule on the request for fees.

3

at an hourly rate of $181.38.  (Doc. 20).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  The Court will accept the hourly rate proposed by Plaintiff.  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

The Plaintiff seeks an award based on a total of 7.05 hours of attorney time.  The Court believes 7.05 hours of attorney time is reasonable in this case.  Therefore, The Court finds the requested fee of $1,278.73 is a reasonable fee in this case.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1. Plaintiff's Application for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 20) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $1,278.73.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __18th__ day of October, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

4

Copies to:

Counsel of Record

Case 3:12-cv-00727-MCR   Document 21   Filed 10/18/12   Page 5 of 5 PageID 412